W. A. Bahns

 vs

E. A. Carrere Co.

 No. 7790

April 19th, 1920.

7790

CHARLES F. CLAIBORNE, JUDGE.

This is a suit for specific performance of a promise of sale of lands, or in default thereof for a return of the part payments made.

The contract is in the following words:

"I, Ernest A. Carrere, President of Ernest A. Carrere Co., Ltd. &c does hereby lease to W. Alex Bahns lots 9 and 10 in square No. 1583 x x for a term of ____ commencing October 25th, 1909. The present lease is made for and in consideration of a weekly rent of $2 payable weekly. x x Said lessee has the first privilege of purchasing said property on or before the expiration of this lease for the sum of Five Hundred Dollars provided the rent for the whole term of the lease is paid. x x x The act of sale is to be passed by the Notary Public designated by the lessor at the expense of the lessee, when the last and final payment is made. Certificates at the expense of lessee should a sale be made before final payment".

Petitioner alleged that he complied with the terms of the above contract and paid the full amount required to entitle him to a transfer of said two lots to him, and that the defendant has refused to make said transfer to him with the propercertificates; he prayed for judgment condemning the defendant to make said transfer, and in default thereof for judgment for the amount paid by him.

The defendant filed an exception of no cause of action based on the argument that upon the face of the contract the plaintiff had not paid an amount sufficient to entitle him to a title. This exception was maintained by the District Court. On the appeal the judgment was reversed, and the case remanded. 13 Ct. App., 290.

Thereupon the plaintiff filed a supplemental petition in which he averred that there were mortgages inscribed against said two lots in the names of the vendors of E. A. Carrere Co. and that

defendant should be condemned to give him a clear and unencumbered title.

The defendant filed an answer admitting the contract but denying all the other allegations of the original and supplemental petition.

Upon the trial of the case the plaintiff offered to file in evidence mortgage and conveyance certificates in the names of previous owners of said two lots showing mortgages recorded against them. To which offer the defendant objected upon the ground that he was only bound to give the plaintiff a title and that he had tendered that to the plaintiff who had refused it. This objection was sustained. Thereupon judgment was entered condemning the defendant to transfer to plaintiff by deed the two lots mentioned in the petition.

It is not made clear by the pleadings what objection to the admission of these certificates was based on, nor on what ground the objection was maintained, nor what the judgment means. But in the argument and in the briefs in this Court the position of plaintiff is, that he has a right to the tender of a title clear of any encumbrances, and the defendant, on the other hand, maintains that he can only be condemned to a specific performance, or to the signing of an act selling whatever rights he may have to the two lots subject to whatever encumbrances might be recorded against them. This contention is hardly serious. The obligation of every vendor, whether by lease with promise to sell, or by bond for deed, or by simple promise to sell is to tender to the vendee an absolutely valid title free from clouds or suggestion of future litigation, and free from mortgages, privileges, or encumbrances of any kind. The authorities upon this point are too numerous to quote at length. 5 Ct. App., 95; 8 Ct., App. 73; 10 Ct. App., 234; 11 Ct. App. 302; 12 Ct. App., 378; 13 Ct. App., 161; 14 Ct. App., 160; 128 La., 639. *143 La 263 (268)* There is nothing in the contract sued upon that exempts the defendant from this obligation.

The defendant has received plaintiff's money, and law and equity compels him to tender plaintiff a solid title and not an empty shell. For these reasons the ruling of the District Court excluding testimony concerning the validity of defendant's

title and the encumbrances recorded against it, and the judgment condemning the defendant merely to transfer to plaintiff the title to the two lots without specifying that the transfer should be with the usual clear mortgage, conveyance and tax certificate were both erroneous.

But as it has been suggested by defendant that it is in its power to tender such a title, the ends of justice will be best subserved by remanding the case.

It is therefore ordered that the judgment herein be reversed and set aside and that this case be remanded for judgment in accordance with law and the views herein expressed, and that defendant pay the costs of appeal.

Judgment reversed and case remanded.

April 19th, 1920.